[996 NYS2d 862]

## QPI-XXV, LLC, Respondent, v Lawrence Lame, Appellant.

Supreme Court, Appellate Term, Second Department,
2d, 11th and 13th Judicial Districts, September 8, 2014

### APPEARANCES OF COUNSEL

*Lawrence Lame*, appellant pro se.
*Arianna Gonzalez-Abreu* for respondent.

### OPINION OF THE COURT

MEMORANDUM.

Ordered that the order entered August 6, 2012 is reversed, without costs, and the matter is remitted to the Civil Court for a determination of the merits of tenant's motion to, among other things, vacate the oral order imposing sanctions upon him in the sum of $10,000, to open his default and to restore the matter to the jury trial calendar.

In this nonpayment proceeding, tenant, an attorney who was representing himself, failed to appear at the time apparently scheduled for the jury trial on July 24, 2012, although he disputes that a definite time had been scheduled by the Civil Court. Upon his nonappearance, the Civil Court disbanded the jury and orally ordered tenant to pay sanctions in the sum of $10,000 purportedly before it would entertain any motion to open the default. Thereafter, tenant moved to, among other things, vacate the oral order imposing sanctions, open his default, and restore the matter to the jury trial calendar. Landlord opposed the motion. By order entered August 6, 2012, the Civil Court, without reaching the substantive merits of the motion, denied tenant's motion on a procedural ground, to wit, "based on the movant/attorney having failed to comply with the rules of the Chief Administrator [of the Courts] as to certification of the moving papers." Tenant appeals from the August 6, 2012 order, and we reverse.

"Every pleading, written motion, and other paper, served on another party or filed or submitted to the court shall be signed by an attorney, or by a party if the party is not represented by an attorney, with the name of the attorney or party clearly printed or typed directly below the signature. Absent good cause shown, the court shall strike any unsigned paper if the omission of the signature is not corrected promptly after being called to the attention of the attorney or party" (Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1a [a]).

Although tenant's motion papers were properly signed, the papers did not contain any language certifying that the contentions contained therein were not frivolous within the meaning of Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (c). There is, however, no rule requiring such language. We note that the certification requirement provides, in pertinent part:

"By signing a paper, an attorney or party certifies that, to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:

"(1) the presentation of the paper or the contentions therein are not frivolous as defined in section 130-1.1(c) of this Subpart" (Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1a [b]).

Thus, contrary to the Civil Court's holding, tenant, by signing his motion papers, certified that the contentions set forth therein were not frivolous, as defined by Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (c). We note that, even if the motion papers had in fact not been signed by tenant, the record is devoid of any indication that the court called that fact to tenant's attention to afford him an opportunity to sign the paper as required by Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1a (a).

Accordingly, the order is reversed and the matter remitted to the Civil Court for a determination of the merits of tenant's motion.

The decision and order of this court dated November 29, 2013 (42 Misc 3d 57 [2013]) are hereby recalled and vacated (*see* 2014 NY Slip Op 82914[U] [2014] [decided simultaneously herewith]).

PESCE and SOLOMON, JJ., concur; RIOS, J.P., taking no part.